Daryl E. WILLIAMS, D.D.S., M.S.,
Plaintiff–Appellant,

v.

MICHIGAN BOARD OF DENTISTRY,
et al., Defendants–Appellees.

No. 01–2291.

United States Court of Appeals,
Sixth Circuit.

May 7, 2002.

Before MERRITT, SUHRHEINRICH, and GILMAN, Circuit Judges.

## ORDER

Darryl E. Williams, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983, the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131–12134, and state law. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, Williams sued the Michigan Board of Dentistry, the Michigan Department of Public Health, the Department of Licensing and Regulation, and thirteen individual members of the Board of Dentistry. The individual defendants were sued in their individual capacities. Williams essentially alleged that the defendants improperly suspended his license, that they improperly ordered him to take 20 hours of dentistry class-work in order to have his license reinstated, and that they failed to properly assist him in treating his depression. He claimed that: 1) the defendants violated his due process rights, his equal protection rights, and that they improperly took his license, all in violation of the Fifth and Fourteenth Amendments; 2) the defendants violated his rights under the ADA and the Rehabilitation Act because they failed to accommodate or to facilitate treatment of his mental impairment (depression); 3) the defendants violated his rights under the Michigan Constitution; and 4) the defendants committed the state law tort of negligence. In his response to the defendants' motion to dismiss and for summary judgment, Williams withdrew his claim that the defendants violated his rights under the Michigan Constitution.

Upon review, the district court granted the defendants' motion to dismiss and for summary judgment. The district court concluded that the agency-defendants were entitled to Eleventh Amendment immunity, that the individual defendants were entitled to quasi-judicial immunity on Williams's § 1983 claims, that the individual defendants were entitled to summary judgment on Williams's state law claims because he did not present any evidence that the defendants engaged in any "grossly negligent" conduct, and that all the defendants were entitled to summary judgment on Williams ADA and Rehabilitation Act claims because their conduct was not based on Williams's depression. Williams has filed a timely appeal, essentially reasserting his claims. He also argues that the district court misinterpreted his ADA and Rehabilitation Act claims.

 Upon review, we conclude that the district court properly dismissed Williams's claims numbered 1, 3 and 4 against the agency defendants. *See Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir.1995). The district court properly dismissed Williams's § 1983 and state law claims against the agency-

defendants because they are entitled to sovereign immunity. *See generally Welch v. Texas Dep't of Highways and Public Transp.*, 483 U.S. 468, 472–73, 107 S.Ct. 2941, 97 L.Ed.2d 389 (1987) (unless immunity is expressly waived, a state and its agencies are immune from an action for damages and injunctive relief, and in some cases even declaratory relief, in federal court); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) (the Eleventh Amendment forbids federal courts from intruding upon state sovereignty by dictating the manner in which state officials should comply with state law).

■ The district court also properly concluded that the individual defendants are entitled to quasi-judicial immunity on Williams's § 1983 claims, *Watts v. Burkhart, M.D.*, 978 F.2d 269, 278 (6th Cir. 1992). This court has identified three factors that should be considered when determining whether members of a licensing board are entitled to quasi-judicial immunity. *Watts v. Burkhart, M.D.*, 978 F.2d 269, 278 (6th Cir.1992). In order to determine whether immunity applies, the court must determine: 1) whether the board member performs a traditional adjudicatory function, in that he decides facts, applies law, and otherwise resolves disputes on the merits; 2) whether the board member decides cases sufficiently controversial that, in the absence of immunity, he would be subject to numerous damages actions; and 3) whether the board member adjudicates disputes against a backdrop of safeguards designed to protect an individual's constitutional rights. *Id.*

Here, the district court properly determined that the individual defendants are entitled to quasi-judicial immunity. First, the board members clearly perform an adjudicatory function because they are responsible for determining whether there has been a violation of statutory standards of conduct and what appropriate sanctions may be imposed. *See* Mich. Comp. Laws § 333.16226. Second, as is evidenced by the current lawsuit, the board members decide cases sufficiently controversial that, in the absence of immunity, they would be subject to damages actions. Finally, the board members adjudicate disputes against a backdrop of safeguards designed to protect an individual's constitutional rights. This is so because the board members' conduct must conform to the provisions of Michigan's Administrative Procedures Act. *See* Mich. Comp. Laws § 333.16232 and Mich. Comp. laws § 24.201, et seq. Hence, they are entitled to qualified immunity.

■ The district court properly granted summary judgment to all defendants on Williams's ADA and Rehabilitation Act claims and to the individual defendants on Williams's state law claims because he did not present any evidence establishing that the defendants were grossly negligent. *See* Mich. Comp. Laws § 691.1407(2)(e); *Lucas v. Monroe County*, 203 F.3d 964, 971 (6th Cir.2000). Under the ADA "[n]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity." *See* 42 U.S.C. § 12132. Likewise, the Rehabilitation Act provides that, "[n]o otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance ..." *See* 29 U.S.C. § 794(a). However, the record clearly reflects that the defendants' conduct was not based on Williams's depression, because the defen-

dants were unaware of his depression until well after they had suspended his license and raised the issue of imposing an education requirement as a condition for reinstatement of his license.

 Finally, while Williams appears to argue that he had intended to assert that the defendants were deliberately indifferent to his serious medical needs, the record simply does not reflect that he was ever in the custodial care of the defendants. Hence, he cannot establish an Eighth Amendment deliberate indifference claim.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.