**Herbert STUDSTILL EL, Plaintiff-Appellant,**

v.

**MICHIGAN DEPARTMENT OF STATE, Defendant-Appellee.**

**No. 16-2165**

United States Court of Appeals, Sixth Circuit.

FILED Mar 17, 2017

Herbert Studstill El, Pro se.

Adam Lee Spinelli Fracassi, Office of the Attorney General of Michigan, Lansing, MI, for Defendant–Appellee.

Before: GILMAN and GIBBONS, Circuit Judges; HOOD, District Judge.*

## ORDER

Herbert Studstill El, a Michigan resident proceeding pro se, appeals the district court's judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

Seeking monetary and injunctive relief, Studstill El filed a complaint against the Michigan Department of State (MDS), alleging that MDS suspended his driving

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

privileges in violation of his rights under the Moorish Zodiac Constitution and the First, Fourth, Fifth, and Ninth Amendments of the United States Constitution. MDS moved to dismiss the complaint for failure to state a claim upon which relief can be granted, *see* Fed. R. Civ. P. 12(b)(6), asserting that it was immune from suit under the Eleventh Amendment. The magistrate judge agreed, and entered a report recommending that the motion to dismiss be granted. Over Studstill El's objections, the district court adopted the report and recommendation, granted MDS's motion, and dismissed Studstill El's complaint.

On appeal, Studstill El argues that the district court erred in determining that his claims against MDS were barred by the Eleventh Amendment.

We review de novo a district court's dismissal of a complaint under Rule 12(b)(6) for failure to state a claim. *Luis v. Zang*, 833 F.3d 619, 625 (6th Cir. 2016). "We must accept the complaint's well-pleaded factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor." *Id.* at 626. A district court's decision on the application of Eleventh Amendment immunity is a question of law that we also review de novo. *Ernst v. Rising*, 427 F.3d 351, 359 (6th Cir. 2005) (en banc).

"[A] suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.... regardless of the nature of the relief sought" unless Congress has abrogated the state's immunity or the state has consented to the filing of the suit. *Pennhurst State Sch. & Hosp.*

*v. Halderman*, 465 U.S. 89, 99-100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). "It is well established that § 1983 does not abrogate the Eleventh Amendment, *see Quern v. Jordan*, 440 U.S. 332, 341, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979), and that Michigan has not consented to the filing of civil rights suits against it in federal court." *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013). The district court therefore properly dismissed Studstill El's complaint for failure to state a claim.

Accordingly, we **AFFIRM** the district court's judgment.