NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0672n.06

No. 17-1499

**FILED**
Dec 04, 2017
DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

VERNON EUGENE PROCTOR, M.D.                    )

      Plaintiff-Appellant,                    )

v.                                             )

BOARD OF MEDICINE; BOARD OF )
PHARMACY; DEPARTMENT OF LICENSING & )
REGULATORY AFFAIRS, (Bureau of Professional )
Licensing)                                     )

      Defendants-Appellees.                    )

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF MICHIGAN

BEFORE:    NORRIS, ROGERS, and THAPAR, Circuit Judges.

ROGERS, Circuit Judge. The Michigan Department of Licensing and Regulatory Affairs ("DLRA") and the state Boards of Medicine and Pharmacy (collectively, "Boards") requested that Dr. Vernon Proctor turn over a number of patient records and records regarding his controlled substance recordkeeping as part of an investigation into whether Proctor was violating the Michigan Public Health Code, M.C.L §§ 333.1101 *et seq.* Proctor complied with the investigators' requests, but when these records were introduced as evidence against him at a disciplinary licensing hearing, he filed suit seeking to enjoin the use of the patient records at future disciplinary hearings. According to Proctor, the patient records he supplied are within the definition of drug abuse treatment records whose confidentiality is protected by 42 U.S.C. § 290dd-2 and 42 C.F.R. § 2.1 *et seq.* Proctor specifically alleged that the "Department of Licensing and Regulatory Affairs," the "Board of Medicine," and the "Board of Pharmacy"

violated federal law by allowing their expert witness to review the records and by introducing redacted copies of the records into evidence at disciplinary hearings without patient consent or a court order. Proctor did not identify any state officials or board members in his complaint. The district court correctly dismissed Proctor's action as barred by the Eleventh Amendment.

The DLRA and Boards began investigating Proctor after receiving allegations that he was violating the Michigan Public Health Code, M.C.L. §§ 333.1101 *et seq.* The DLRA's investigator sent Proctor a letter on June 13, 2012, requesting that he provide certain patients' medical records. The investigator sent a second letter to Proctor on September 25, 2012, requesting additional records pertaining to his controlled substance recordkeeping. Neither of these requests contained patient consents or a court order.

In response to the investigator's inquiries Proctor produced several patient medical records to the DLRA. The DLRA then retained Dr. Phillip Rodgers to provide an expert review of the patient records that Proctor supplied. The DLRA filed administrative complaints against Proctor's medical license and against his controlled substances license. At a subsequent administrative hearing, the DLRA introduced some of the patient records Proctor had provided investigators; elicited testimony from Rodgers based on his review of the records; and introduced reports from the Michigan Automated Prescription System showing Proctor's controlled substance prescriptions during the relevant time period. According to the DLRA, the evidence was redacted to remove patient identifying information, and the Bureau used patients' initials in the complaints to protect their confidentiality. The administrative tribunal admitted the Prescription System report and certain patient records into evidence.

Proctor then filed a complaint in the district court seeking to enjoin the DLRA and Boards from further use or disclosure of the patient records he had provided investigators. Many

of these records, according to Proctor, were within the definition of drug abuse treatment records protected by 42 U.S.C. § 290dd-2 and 42 C.F.R. § 2.1 *et seq*, which impose criminal penalties on individuals who fail to protect the confidentiality of this type of patient medical information.

The district court denied Proctor's request for a TRO, and subsequently denied Proctor's motion for a preliminary injunction. The administrative tribunal conducted a second hearing, at which the DLRA re-introduced redacted patient records that were not admitted during the earlier hearing, and this time the tribunal admitted the records.

The DLRA and Boards then filed a motion to dismiss Proctor's court complaint for lack of jurisdiction, Fed. R. Civ. P. 12(b)(1), and for failure to state a claim upon which relief could be granted, Fed. R. Civ. P. 12(b)(6). The district court granted the DLRA's motion to dismiss, holding that Proctor's action was barred the Eleventh Amendment. The court reasoned that Proctor named only state departments and agencies as defendants in his complaint, which are protected by Eleventh Amendment immunity, and that Proctor failed to demonstrate that his claims fell within any recognized exception to sovereign immunity. The district court's dismissal was proper.

Proctor's claim is barred by the Eleventh Amendment and no exception to sovereign immunity applies in this case. The Eleventh amendment provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens of Subjects of a Foreign State.

U.S. Const. amend. XI. "This immunity is far reaching. It bars all suits, whether for injunctive, declaratory or monetary relief, against the *state and its departments* by citizens of another state, foreigners or its own citizens." *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993) (internal citation omitted) (emphasis added). The only defendants named in Proctors

complaint, the DLRA and the Boards, are clearly agencies or departments of the State of Michigan. *See, e.g., Williams v. Michigan Bd. of Dentistry*, 39 Fed. Appx. 147, 148–49 (6th Cir. 2002); *Studstill El v. Michigan Dep't of State*, 691 Fed. Appx. 820, 822 (6th Cir. 2017); *Michigan Corrections Org. v. Michigan Dep't of Corrections*, 774 F.3d 895, 899 (6th Cir. 2014); *Thiokol Corp.*, 987 F.2d at 382. Therefore, they are entitled to immunity under the Eleventh Amendment.

"There are three exceptions to a state's sovereign immunity: (1) when the state has consented to suit; (2) when the exception set forth in *Ex parte Young*, 209 U.S. 123 (1908) applies; and (3) when Congress has clearly and expressly abrogated the state's immunity." *Puckett v. Lexington-Fayette Urban Cty. Gov't*, 833 F.3d 590, 598 (6th Cir. 2016). Proctor concedes that the first and third of these exceptions are not applicable. His arguments that the *Ex parte Young* exception to sovereign immunity applies are without merit.

Proctor's claim does not fall with the exception to sovereign immunity announced in *Ex parte Young* because he failed to sue a state official in his or her official capacity. Under *Ex parte Young*, the Eleventh Amendment "does not preclude relief against *state officials* in their *official capacity* for prospective injunctive or declaratory relief." *Thiokol*, 987 F.2d at 381 (emphasis added). While Proctor only seeks prospective injunctive relief, the prospective relief prong is a necessary, but not sufficient, condition for escaping Eleventh Amendment immunity via *Ex parte Young*. "Under the doctrine developed in *Ex parte Young* and its progeny, a suit that claims that a state official's actions violate the constitution or federal law is not deemed a suit against the state, and so barred by sovereign immunity, *so long as the state official is the named defendant* and the relief sought is only equitable and prospective." *Westside Mothers v. Haveman*, 289 F.3d 852, 860–61 (6th Cir. 2002) (emphasis added). Proctor's desire to expand

No. 17-1499, *Proctor v. Bd. of Med., et al.*

the well-established fiction of *Ex parte Young,* which treats suits against *state officers* as "not a suit against the state," *Ex parte Young*, 209 U.S. at 154, by treating a suit against *state departments* as "not a suit against the state" is contrary to binding Supreme Court and Sixth Circuit precedent. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984); *Thiokol*, 987 F.2d at 381.

Moreover, Proctor's claim that his suit evades the Eleventh Amendment because there is no "single individual state official" for him to name is without merit. Proctor has not identified any precedent that allows plaintiffs to sue multi-member state boards or agencies as entities in lieu of individual members in their official capacities. That is likely because no such precedent exists, because it would be contrary to the requirement that plaintiffs sue "state officers" in their "official capacities." Moreover, Proctor was not required to name a "single individual state official." In *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, the Supreme Court held that Verizon could proceed against individual commissioners (plural) of the Maryland Public Service Commission in their official capacities, pursuant to *Ex parte Young*. 535 U.S. 635, 645–46 (2002). By failing to sue a state official, Proctor simply did not comport with the requirements for avoiding Eleventh Amendment sovereign immunity under *Ex parte Young*.

The judgment of the district court is affirmed.